**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-1767**

———————

LILYANA LIM,

Petitioner,

versus

JOHN ASHCROFT, U.S. Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals. (A79-058-964)

———————

Submitted:  December 6, 2004          Decided:  January 4, 2005

———————

Before LUTTIG, TRAXLER, and KING, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Anthony M. Briggs, Jr., Springfield, Virginia, for Petitioner. Peter D. Keisler, Assistant Attorney General, Douglas E. Ginsburg, Senior Litigation Counsel, Jonathan F. Potter, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lilyana Lim, a native and citizen of Indonesia and a Chinese-Christian, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming, without opinion, the immigration judge's decision denying asylum, withholding of removal and withholding under the Convention Against Torture. We deny the petition for review.

In her petition for review, Lim challenges the immigration judge's determination that she failed to establish her eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Lim fails to show the evidence compels a contrary result. Accordingly, we cannot grant the relief she seeks.

Additionally, we uphold the immigration judge's denial of Lim's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Lim fails to show she is

eligible for asylum, she cannot meet the higher standard for withholding of removal.[*]

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*]Lim does not challenge the denial of relief under the Convention Against Torture.